IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN WILLIE MALONE, JR., <br> AIS 292690, <br><br> Plaintiff, <br><br> v. <br><br> LIEUTENANT PARKER, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )   Case No. 2:20-cv-599-ECM-CWB <br> ) <br> ) <br> ) <br> ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.   Introduction**

Plaintiff John Malone, Jr., an inmate proceeding *pro se*, filed this action to assert claims under 42 U.S.C. § 1983. (Doc. 1). The operative complaint is the Amended Complaint, which was filed on September 24, 2020. (Doc. 6). The Amended Complaint names as the sole defendant Lieutenant Robert Parker, who was employed at the Frank Lee Work Release Center at all relevant times. Malone alleges that Lt. Parker violated his constitutional rights by subjecting him to false disciplinary action. (Doc. 6 at p. 3; Doc. 6-1 at p. 1). For relief, Malone requests expungement of the subject disciplinary record and transfer to a work release facility. (Doc. 6 at p. 4).

Lt. Parker filed an Answer and Special Report that included a supplement and various evidentiary materials (*e.g.*, affidavits and prison documents). (Docs. 9 & 12). After reviewing those submissions, the court directed Malone to file a written response supported by affidavits or other statements made under penalty of perjury. (Doc. 13). Malone thereafter filed two additional submissions. (Docs. 14 & 15).

1

The parties previously were given notice that "the Court may at any time [after expiration of the time for Malone to file a response] and without further notice to the parties (1) treat the [special] report, supplemental report, and any supporting evidentiary materials as a … motion for summary judgment … and (2) rule on the dispositive motion, in accordance with the law, after considering any response." (Doc. 13 at pp. 2-3). Pursuant to that disclosure, the court will now treat the Special Report as having presented arguments for summary judgment and will recommend that summary judgment be granted in favor of Lt. Parker on all claims.

## II.     Summary Judgment Standard

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute "is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party … . [A fact] is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has satisfied that burden, the nonmovant is required to cite portions of the record showing a genuine dispute of material fact. *Id.* at 324. The nonmovant, however, "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish a genuine dispute of material fact, the nonmovant must produce evidence such that a reasonable trier of fact could return a verdict in its favor. *See Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

In determining whether a genuine dispute of material fact exists, the court must view all of the evidence in a light most favorable to the nonmovant and draw all justifiable inferences from the evidence in the nonmovant's favor. *See McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003); *see also* Fed. R. Civ. P. 56(a). Nonetheless, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III. Relevant Facts[1]

Malone alleges that Lt. Parker issued a false disciplinary against him on March 29, 2020. (Doc. 6-1 at p. 1; *see also* Doc. 9-5 at pp. 9-15). Although the allegations are not well articulated, the court perceives Malone essentially to be claiming that Lt. Parker subjected him to disciplinary action for conduct in which he did not engage and that, as a result, he was transferred from the Frank Lee Work Release Center to Staton Correctional Facility—a medium-security institution. (Doc. 6 at p. 2).[2]

The sworn testimony provided by Lt. Parker establishes the following facts. Lt. Parker was in the shift commander's office on March 29, 2020 when Malone attempted to enter and was told to leave. (Doc. 9-1 at p. 1; Doc. 9-4 at pp. 1, 6). Malone initially complied but returned moments

---

[1] Where facts are in dispute, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 999 (11th Cir. 1992). Accordingly, the "facts" set forth herein are merely for purposes of resolving summary judgment and may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1400, *opinion modified on reh'g*, 30 F.3d 1347 (11th Cir. 1994) (citation omitted) (explaining that "what we state as 'facts' ... for purposes of reviewing the rulings on the summary judgment motion [] may not be the actual facts").

[2] According to Alabama Department of Corrections records, Malone is currently being housed at the Hamilton Work Release Center. (*See* https://www.doc.state.al.us/inmatesearch ) (last visited May 3, 2023).

later asking for another inmate's property. (Doc. 9-1 at p. 1). Malone was then "immediately instructed to place his hands behind his back where he was handcuffed due to displaying resistant behavior to a lawful command to depart the area." (Doc. 9-1 at p. 1). Malone further became loud and verbally abusive, claiming that he had not done anything wrong. (Doc. 9-1 at p. 1; Doc. 9-4 at p. 1). Malone next stated to Lt. Parker that: "I'm gifted, and it was destined for you and I to have judgement. You got the right one. You don't know who you are f------ with you p----a-- b----. I got something just for you're [sic] a--. A million dollars holds a lot of weight. Watch what is going to happen to your b---- a--." (*Id.*). Lt. Parker subsequently informed Malone that he would be issued a disciplinary for threatening a correctional employee. (*Id.*).[3]

## IV.   Discussion

The court will liberally construe Malone's allegations as asserting a due process claim based upon issuance of a fabricated disciplinary infraction.[4] Lt. Parker denies any violation of Malone's constitutional rights (Doc. 9 at p. 3) and asserts that Malone has failed to establish a genuine dispute of material fact on his § 1983 claim (*id.* at pp. 3-10).

---

[3] Malone signed his Amended Complaint under penalty of perjury. (Doc. 6 at p. 4). Therefore, the court will treat the Amended Complaint as evidence when ruling on the motion for summary judgment. *See Sears v. Roberts*, 922 F.3d 1199, 1206 (11th Cir. 2019). Malone's opposition (Docs. 14 & 15) and several statements submitted in support of Lt. Parker's dispositive motion (Docs. 9-2 at p. 1; 9-3 at p. 1; 9-4 at pp. 4, 5), however, are unsworn. Therefore, the court does not treat the factual assertions contained therein as evidence on summary judgment. *See id.*; *see also Roy v. Ivy*, 53 F.4th 1338, 1347 (11th Cir. 2022) (citing *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n. 26 (11th Cir. 2003), *as amended*, (Sept. 29, 2003) (noting that "[u]nsworn statements may not be considered by a district court in evaluating a motion for summary judgment")); *see also Mosley v. MeriStar Mgmt. Co., LLC*, 137 F. App'x 248, 252 n.3 (11th Cir. 2005).

[4] Although Malone alleges that his transfer from work release to a medium-security facility amounted to cruel and unusual punishment under the Eighth Amendment (Doc. 6 at pp. 2-3, 5), the court finds that Malone's claim against Lt. Parker is properly considered as arising under the Due Process Clause. Moreover, even if Malone primarily intended to challenge the conditions of his confinement following transfer from work release, that claim would now be moot for the reasons explained in Section IV.A.

### A.    Injunctive Relief

Malone requests injunctive relief in the form of a transfer to work release. Since the time this action was filed, however, Malone has been transferred to the Hamilton Work Release Center. Such transfer renders moot his claim for injunctive relief. *See, e.g., Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) ("Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury.") (quotation marks and citation omitted); *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (holding that "an inmate's request for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once an inmate has been transferred") (quotation marks and citation omitted). Summary judgment therefore is due to be entered in favor of Lt. Parker as to Malone's request for transfer.

### B.    The Due Process Claim

Malone also seeks expungement of his disciplinary record on grounds that the subject charge was fabricated. Lt. Parker in turn denies that the disciplinary action was based on false information and states that Malone was properly disciplined due to his behavior toward a prison official. (Doc. 12-1 at p. 1).

The evidence reflects that prison officials served Malone with disciplinary infractions on March 29, 2020 for not obeying a direct order of a correctional employee and for making threats. (Doc. 9-5 at pp. 2, 18). Malone entered a plea of not guilty as to both charges. (*Id.* at pp. 8, 15). At the disciplinary hearing held April 6, 2020, Malone was given the opportunity to testify on his own behalf and present evidence. (*Id.* at pp. 2, 12). Yet he did not request the presence of any witnesses. (*Id.* at pp. 8, 15). The hearing officer ultimately found Malone not guilty of failing to

obey a direct order but guilty of making threats. (*Id.* at pp. 3, 13). The sanction imposed against Malone was recommendation for a job change. (*Id.* at p. 17).[5]

Under the Fourteenth Amendment to the United States Constitution, no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. The Eleventh Circuit has made clear that there are two ways in which a prisoner may be improperly deprived of a due process liberty interest for purposes of § 1983:

> The first is when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court. The second situation is when the state has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, and the deprivation of that benefit imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Morales v. Chertoff*, 212 F. App'x 888, 890 (11th Cir. 2006) (quoting *Kirby v. Siegelman*, 195 F.3d 1285, 1290-91 (11th Cir. 1999); *see also Sandin v. Conner*, 515 U.S. 472, 484 (1995). "In the first situation, the liberty interest exists apart from the state; in the second situation, the liberty interest is created by the state." *Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999).

The court first notes that the filing of a false report of misconduct does not violate a prisoner's due process rights. *See, e.g., Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."). Rather, an inmate has a right not to be <u>deprived of a protected liberty interest</u> without due process of law. *Bass v. Perrin*, 170 F.3d at 1318. Consequently, Malone's allegation that Lt. Parker issued a false disciplinary infraction against him, in and of itself, warrants no type of relief under the Due Process Clause.

---

[5] Malone's disciplinary hearing was held at Staton Correctional Facility following his transfer from work release. (*See* Doc. 9-4 at p. 6).

To the extent Malone contests his transfer to a medium-security facility, the court likewise notes that Malone has no constitutionally protected interest in the level of his custody classification, and correctional officials may assign him to any classification level without implicating the protections of due process. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (noting that the Constitution itself confers no right upon an inmate to any particular custody or security classification); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (finding that there is no liberty interest arising from the Due Process Clause in a transfer from a low to maximum security prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose"); *Kramer v. Donald*, 286 F. App'x 674, 676 (11th Cir. 2008) (per curiam) (holding that there is "no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison"). The Constitution also provides no liberty interest in remaining on work release. *Francis v. Fox*, 838 F.2d 1147, 1149-50 (11th Cir. 1988) (holding that there is no state-created liberty interest in participation in Alabama's work release program); *Olim v. Wakinekona*, 461 U.S. 238, 245-246 (1983) (finding that a prisoner has no constitutional right to be confined in a particular institution).[6]

---

[6] The court finds that Malone's § 1983 claim is not barred by the "favorable termination" rule announced in *Heck v. Humphrey,* 512 U.S. 477 (1994). Here, the challenged disciplinary action does not implicate the validity of the underlying conviction or sentence on which Malone is incarcerated. Nor does it involve an administrative sanction (or the expungement of such sanction) that affects the length of Malone's confinement. *Nelson v. Jimenez*, 178 F. App'x. 983, 985 (11th Cir. 2006) (holding prisoner's § 1983 action against disciplinary hearing officer alleging that officer violated due process rights during disciplinary proceedings was not barred by *Heck* because plaintiff's complaint "did not seek to challenge the validity of his underlying conviction, and did not seek to affect the time he would serve related to that conviction"); *see also Smith v. Villapando*, 286 F. App'x 682, 686 (11th Cir. 2008) (concluding that *Heck* did not bar inmate-plaintiff's § 1983 action challenging as retaliatory a disciplinary charge and pre-hearing lock-up because the complaint did not implicate a claim cognizable in a habeas proceeding).

7

Even accepting Malone's evidence as true and drawing all justifiable inferences in his favor, the court finds that Malone has failed to demonstrate a genuine issue of material fact as to his due process allegations. Because Malone has not shown that he was deprived of any Constitutional or state-created liberty interest, summary judgment is due to be granted in Lt. Parker's favor as a matter of law.

## V.     Conclusion

For the reasons stated above, the undersigned Magistrate Judge hereby **RECOMMENDS** as follows:

1. that Lt. Parker's Answer and Special Report (Doc. 9) be construed as a motion for summary judgment;

2. that summary judgment be granted in favor of Lt. Parker; and

3. that final judgment be entered in favor of Lt. Parker.

It is **ORDERED** that any objections to this Recommendation must be filed by May 22, 2023. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 8th day of May 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**